FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JAN 20 2015 ★

BROOKLYN OFFICE

FILED
CLERK

2015 JAN 20  PM 12: 02

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ALEXANDER REICH

Plaintiff

COMPLAINT

-against-

559 ST. JOHNS PL LLC, 423 THROOP LLC,
THE CITY OF NEW YORK, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,
NEW YORK CITY DEPARTMENT OF FINANCE and
NEW YORK CITY PARKING VIOLATIONS
BUREAU, NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND DEVELOPMENT
and "JOHN DOES," #1 through 40, said persons
being fictitious, the person or persons intended to
be tenants or persons or entitled in possession of the
premises being foreclosed or any other person or party
having any interest in said premises,

CV 15 - 0281

TOWNES, J.

ORENSTEIN, M.J.

Defendants

-----------------------------------------------------------x

Plaintiff, complaining of defendants, alleges:

## JURISDICTION AND VENUE

1.   This Court has jurisdiction pursuant to 28 U.S.C. 1332(a).

2.   The amount in controversy exceeds $75,000.00.

3.   Venue lies in this District because real property which is the subject of this action

     is located in the Eastern District of New York.

4.   Plaintiff is a citizen of the State of Israel and a domiciliary of the City of

     Ashkelon, Israel.

5.   Each defendant is a citizen of the State of New York.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JAN 2 0 2015   ★

BROOKLYN OFFICE

CV 15 - 0281

TOWNES

ORENSTEIN, M.J.

## CAUSE OF ACTION

6.  At all times mentioned hereinafter, defendant 559 ST. JOHNS PL LLC was a domestic corporation duly organized and existing under the laws of the State of New York, was and is the owner of the property known as 1308 Caton Avenue, Brooklyn, New York.

7.  At all times mentioned hereinafter, defendant 423 THROOP LLC was a domestic corporation duly organized and existing under the laws of the State of New York, was and is the owner of the property known as 423 Throop Avenue, Brooklyn, New York.

8.  Plaintiff is the holder of a mortgage on the premises known as 1308 Caton Avenue, Brooklyn, New York and 423 Throop Avenue, Brooklyn, New York.

9.  On or about August 21, 2008, defendants, for the purpose of evidencing an indebtedness in the sum of four- hundred and fifty thousand dollars ($450,000.00), duly executed, acknowledged and delivered a note to Nechadim Corp., whereby they bound themselves in the amount of $450,000.00.

10. As security for the payment said indebtedness, said defendants executed, acknowledged and delivered a mortgage, wherein the mortgagor mortgaged to Nechadim Corp. certain properties known as 1308 Caton Avenue, Brooklyn, New York and 423 Throop Avenue, Brooklyn, New York.

11. Said mortgage was recorded in the Office of the City Register of the City of New York, Kings County, on November 14, 2008.

12. The mortgage provided that payments shall be made in equal monthly installments of $6,000.00 per month, commencing on September 21, 2008 and to

continue until February 21, 2009, when the principal shall become due and payable.

13. The interest rate on said mortgage to the date of maturity was sixteen per centum (16%) per annum and at the maximum legal rate thereafter.

14. The mortgage instrument also provided that in the event defendants defaulted on any obligation to pay interest or principal, the interest rate on the mortgage would increase to the lesser rate of either twenty-four per centum (24%) per annum or the maximum legal rate, thereafter.

15. Defendants failed to comply with the terms and conditions of said mortgage and are in default in the payment of the interest and principal by failing to make any payment pursuant to said mortgage.

16. Defendants THE CITY OF NEW YORK, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU and NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT are named because they may be have an interest in the property.

17. Defendants "JOHN DOES" are named because they may be in possession of the premises or have an interest therein.

18. On November 19, 2014, Nechadim Corp. assigned said note and mortgage to plaintiff.

19. The aforesaid mortgage contained, among other provisions, the following:

      (a)    That the mortgagors will pay the indebtedness as provided in said instrument;

(b)    That the mortgagors will pay any late charge if payments are not timely made;

(c)    That the whole of said principal sums and interest shall become due and payable at the option of the mortgagee after default in the payment of any installment or of interest;

(d)    That the holder of the mortgage shall be entitled to the appointment of a receiver in any action to foreclose the mortgage;

(e)    That the mortgagor will pay all taxes, assessments, sewer and water rates and in default thereof, the mortgagee may pay the same;

20.  In order to protect its security, plaintiff may be compelled during the pendency of this action to pay taxes, assessments, water rates, sewer rates and insurance premiums and other charges affecting the premises and plaintiff requests that any sums so paid by it shall be added to the indebtedness payable to plaintiff as aforesaid, with interest thereon, and further, that any sums so be deemed to be secured by the note and mortgage and adjudged to be valid liens on the premises being foreclosed herein.

21/ Plaintiff is entitled to recover attorney's fees in accordance with the mortgage documents.

22. The said mortgaged premises are subject to, and should be sold subject to, the following as they exist at the time of sale: any state of facts an accurate survey may show; encroachments, covenants, restrictions, agreements and easements of record, if

any; zoning restrictions and ordinances of any governmental authority having jurisdiction thereof, affecting said premises; prior mortgage liens; rights of tenants or occupants in possession, if any, subject to the termination and extinguishment of such rights, if any, by virtue of this action and proceeding; and all other terms and conditions contained in the Judgment of Foreclosure and Sale; building restrictions and regulations; violations of record, if any, now or hereafter on the premises; party walls.

WHEREFORE, plaintiff demands judgment that the defendants, and all persons claiming under them, be barred and foreclosed of all right, claim, lien and equity of redemption in said mortgaged premises and in the fixtures and articles of personalty upon which said mortgage is alien, attached to or used in connection with said premises; that the premises shall be decreed to be sold in one parcel, according to law; that the foreclosure sale be made subject to the provisions and statements contained in this complaint; that a Receiver of the rents, issues and profits of said premises be appointed, with the usual powers and duties, for the benefit of the plaintiff, during the pendency of this action; that the monies arising from the sale be brought into court; that the plaintiff may be paid the amount due as alleged herein, together with interest to the time of such payment, as well as late fees, together with sums expended by plaintiff during the pendency of this action and for thirty days after any sale demanded herein for taxes, water rates, assessments, insurance premiums and other necessary or essential charges or expenses in connection therewith to protect the mortgage lien, plus any sums expended for the protection or preservation of the property covered by said mortgage, with interest thereon from the time of such payment, together with the legal fees provided for in said mortgage, and the costs and expenses of this action, as far as the amount of such monies

properly applicable thereto will pay the same; that the plaintiff be decreed to be owner of

any and all personal property used in connection with said mortgaged premises and that

the plaintiff shall have such other and further relief as shall be just and equitable.

Dated:  Brooklyn, New York
   December 17, 2014

            SOLOMON ROSENGARTEN
            Attorney for Plaintiff
            1704 Avenue M
            Brooklyn, New York 11230
            (718) 627-4460